CANRON, INC., Plaintiff-Appellant,

v.

PLASSER AMERICAN CORPORATION,
Defendant-Appellee.

No. 78–1655.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1979.

Decided Sept. 21, 1979.

Robert E. Clemency, Milwaukee, Wis. (Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., Joel A. Kolodny, Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on briefs) for plaintiff-appellant.

Alfred H. Plyer, Jr., Chicago, Ill. (Daniel C. McEachran, Chicago, Ill., on brief), for defendant-appellee.

Before BREITENSTEIN *, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Canron, Inc., sued Plasser American Corporation, defendant-appellee, for infringement of a patent on a lifting and lining device used on tamping machines in the maintenance of railway tracks. The district court held that Patent Re 29,437 was invalid because anticipatory disclosures of all elements appeared in printed publications available to the public more than one year before the patent application. Hence 35 U.S.C. § 102(b) precluded entitlement to the patent. The plaintiff appeals and we affirm.

The district court described the machine, detailed the anticipatory disclosures, analyzed the individual claims on which the plaintiff relies, and held that each was disclosed in the publications. No good purpose would be served by a restatement of the facts and issues.

The plaintiff argues that the findings of the court on certain facts are clearly erroneous. We may not weigh the evidence, pass on the credibility of witnesses, or substitute our judgment for that of the finder of the facts. *Tights, Inc. v. Acme-McCrary Corp.*, 4 Cir., 541 F.2d 1047, 1055–1056. We recognize that there is no anticipation unless all of the same elements are found in the same situation and united in the same way to perform an identical function. Id. at 1056. The findings of the trial court that the publications satisfied this principle are based on just and reasonable inferences which we may not disturb. See *Zenith Radio Corp. v. Hazeltine Research,*

* Of the Tenth Circuit, sitting by designation.

*Inc.,* 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129.

We affirm on the trial court's comprehensive findings of fact and conclusions of law and order that the trial court's opinion be published. See *Canron, Inc. v. Plasser American Corporation,* E.D.Va., 474 F.Supp. 1010.

AFFIRMED.